VERMONT SUPERIOR COURT

Orange Unit
5 Court Street
Chelsea VT 05038
802-685-4610
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 24-SC-00677



| James Hart v. Jean Bombard |
|---|

## DECISION ON MOTION

A hearing was held in this Small Claims case on April 10, 2025. Plaintiff James Hart was present and represented himself, and Defendant Jean Bombard was present and represented herself.

Plaintiff claims property damage when a tree on Defendant's property fell onto his neighboring property.

Based on the evidence admitted, the court makes the following findings of fact and conclusions of law.

**Facts**

The parties own neighboring residential properties in Bradford, Vermont and have engaged in litigation in the past over issues unrelated to the facts in this case.

In 2015, Mr. Hart had a white wooden picket fence erected on the common boundary between the properties. It consisted of 12 posts and 11 sections of fencing. The posts cost $20 each ($240.00) and the sections cost $96.40 each ($1,060.40). He paid Woodbuilders Company $870.00 for installation of the fence, which included digging the post holes and assembling and erecting the fence. The total cost was thus $2,170.40.

On December 23, 2023, the top portion of a tall spruce tree in Ms. Bombard's yard, which was 7-8 feet away from the boundary, broke off about 20 feet from the base and fell 40-50 feet into the Hart property. Smaller pieces of the tree had previously fallen down at different times. In this fall, the main trunk came down on the fence, and the upper portion came down on a travel trailer parked on the property. Mr. Hart's tenant, Glen Watkins, heard the fall and looked out his window and saw the tree down on the fence, and saw that the top portion of it was on the travel trailer. The middle portion of the fence had been pushed down and damaged, although sections of the fence at the front and rear of the Hart property remained standing (4 out of the 11 sections). The branches that fell on the travel trailer caused damage to it. Mr. Hart had purchased it a few days earlier for $1,999.00.

The fall resulted in large amounts of trunk, branches, and tree debris in the Hart yard. Mr. Watkins was hired by Mr. Hart to use his chain saw and truck to cut up the trunk and limbs and remove the debris. Mr. Watkins observed the condition of the tree and it appeared to be dead. He was paid $720.00 in cash for the work.

Matthew Nola operates a tree service in which he evaluates trees for hazards and the need for care. He examined what remained of the tree on April 5, 2025. Although he did not see the tree at the time it fell, he was able to determine from the condition of the wood and the fungal species on it that it had been dead for a long time. The fibers at the bottom of the stump had deteriorated, meaning that the tree structure had failed. Burls on the tree had grown over injured or infected places. He determined that it had fallen over due to rot. He further testified credibly that it would be negligence not to cut down a rotted tree. He acknowledged that a lay person might assume that if there were green needles on a tree it was alive, but he testified credibly that spruce trees maintain green in the needles for a period of time even after the tree dies, and there was significant evidence of this tree having been dead and rotten for a long time.

Ms. Bombard does not dispute that her tree damaged the Hart fence when it fell, and that she is responsible for some measure of damages for the fence. She disputes that there was damage to the travel trailer.

As to the fence, she claims that some of the posts were rotted at the base at the time of the fall. Her photos Exhibits JB1 and JB3 show that the pickets and posts were not in a condition showing a high level of maintenance; rather they showed signs of age and wear. The fence was 8 ½ years old. Mr. Hart did not present evidence of the cost to repair the fence; his only evidence was the amount he paid in 2015 for the fence when it was newly constructed.

As to the travel trailer, the testimonial evidence supports the claim that a portion of the tree fell on it and caused some damage. Mr. Hart claims damage to a rear light, dents in various places, and bent parts. There is no evidence that it was unusable or unrepairable, and Mr. Hart testified that he drove it to the courthouse on the day of the hearing and that it was outside. There was no evidence of cost to repair the damages to the travel trailer.

## Conclusions of Law

Plaintiff Hart's claim is one of negligence. In general, "negligence" is doing an act, or failing to do an act, in a manner that violates a legal duty or obligation. The first element of negligence is duty. A plaintiff must prove that the defendant owed the claimant a duty under the circumstances of the case. All persons have a general duty to avoid or prevent injury or harm or loss to others and others' property. Ms. Bombard had a duty to avoid causing damage on the neighboring Hart property.

The second element is breach of duty. Determination of breach of duty depends on what a reasonably prudent person might reasonably have foreseen or expected to happen, given the circumstances. The evidence supports a conclusion that a reasonably prudent person in Ms. Bombard's circumstance would reasonably have seen that her tall spruce tree was diseased or dead and could fall and cause injury to the neighboring property.

The third element of negligence is proximate causation. A plaintiff must prove by a preponderance of the evidence that the defendant's negligence was the proximate cause of harm or loss to the plaintiff. A proximate cause of an injury is a cause which produces the harm or loss in a natural and continuous sequence, and without which the harm or loss would not have occurred. Mr. Hart has proved that Ms. Bombard's negligence in failing to have the tree removed was the proximate cause of harm on the Hart property.

Thus, negligence has been proved, and Ms. Bombard testified that she acknowledged responsibility for harm. The issue is what level of damages have been proved by a preponderance of the evidence.

Cleanup of the Hart yard. Mr. Hart has proved that it cost him $720 for 16 hours of work at $45 per hour to have the yard cleaned up from the tree debris. There is no contrary evidence, and it appears reasonable.

Fence. There is no question that the fence was damaged significantly. It has long been the law in Vermont that the appropriate measure of damages depends on the nature of the injury to the property. As stated by the Vermont Supreme Court:

> "If the injury is temporary in the sense that restoration can cure the harm, the reasonable cost of repair may serve the need and provide adequate and fair compensation. If the damage is permanent and beyond full repair, the variance in value of the property before and after the injury often affords the better guide to a just award. It all depends upon the character of the property and the nature and extent of the injury."

*Bean v. Sears, Roebuck & Co.*, 129 Vt. 278, 282, 276 A.2d 613, 616 (1971)

It is clear that the appropriate measure of damages in this circumstance is cost of repair, including necessary replacement of damaged sections, and not a difference in the value of property before and after the injury. Mr. Hart's only evidence of the value of harm was the cost of erecting a new fence 8 ½ years prior to the damage. He has not provided evidence of the cost to repair/restore the fence given the specific damage to it. He acknowledges that some portions of the fence are salvageable, so that full replacement cost is not appropriate, and there is actually no evidence of current cost, even for partial replacement. Thus, there is no specific monetary evidence on cost of repair. (There is also no evidence of the value of the Hart property with and without the fence.)

Despite this lack of proof of financial damages related to the fence, Ms. Bombard acknowledges that she is responsible for some measure of damages, though she disputes that she is responsible for the full amount of the original cost of the fence. Given that the fence was 8 ½ years old and thus not in new condition, and showed signs of wear and lack of maintenance, plus the fact that about a third of it is not damaged, the court concludes that reduction from the original total cost is justified and that a reasonable amount of compensation is approximately one-half of the original cost, or $1,085.

Travel trailer. Ms. Bombard challenged the credibility of the evidence that the travel trailer was damaged. The court concludes from the evidence that there was damage to the travel trailer, but that it continued to be functional and was reparable. The appropriate measure of damages would be cost of repair. No evidence of cost of repair was proved, and there is no evidence from which the court can determine a reasonable cost of repair. Thus, while Plaintiff has proved that there was damage to the travel trailer, he has not proved the necessary element of monetary damages.

## Summary

Plaintiff has proved the claim in the amount of $720 + 1,085 = $1,805.00. He is entitled to interest from January 2024 to April 2025. The legal rate of interest is 12% per year or 1% per month. Thus, Plaintiff is entitled to $18.05 x 16 months or $288.80 in interest.

A separate Judgment will be issued this day.

Electronically signed April 14, 2025 pursuant to V.R.E.F. 9 (d).

*Mary Miles Teachout*

Mary Miles Teachout
Superior Judge (Ret.), Specially Assigned